### 9135

### HARRIS v. GREENVILLE TRACTION CO.

(85 S. E. 899.)

1. TRIAL—EXPRESSION OF OPINION BY COURT—WHAT CONSTITUTES.—It is not a violation of Const. 1895, art. V, sec. 26, prohibiting the Judge from expressing an opinion on the evidence in the presence of the jury, for the trial Judge, in denying defendant's motion for directed verdict, to remark that: "If the conductor had reasonable grounds to apprehend that deceased was going to get off the train, it would be different, and I think it is one of the cases where I had better let the jury pass on it. I have got some doubt about it, so I am going to leave it to the jury"—the quoted expression not showing what the Court's opinion was.

2. NONSUIT—EXPRESSION OF OPINION—CHARGE.—An expression of doubt about the weight of plaintiff's proof, and the inference to be drawn from it, in refusing a motion for nonsuit, is not a charge upon the facts, of which plaintiff may complain.

Before SHIPP, J., Greenville, Fall term, 1914.    Affirmed.

Action by Georgia Harris, as administratrix of the estate of Clark Harris, deceased, against Greenville Traction Company, brought under Lord Campbell's Act for damages for the alleged wrongful death of plaintiff's intestate. The deceased came to his death by stepping, or jumping, from a moving street car between stops.

From judgment for defendant, plaintiff appeals. The facts are stated in the opinion.

*Mr. J. Robert Martin,* for appellant, submits: *The action was based on the delict of conductor:* 56 S. C. 93, 94; 61 S. C. 357; 90 S. C. 424; 5 A. & E. Enc. of L. (2d ed.) 648. *The Court expressed its opinion upon material facts:* 81 S. C. 378; 73 S. C. 383; 80 S. C. 386, 387; 23 S. C. 254, 255; 19 S. C. 581; 15 S. C. 391, 392.

*Messrs. Haynsworth & Haynsworth,* for respondent: *Remarks not to jury, but to counsel in passing upon his request are not a charge to jury, nor within the prohibition*

*of the Constitution:* 47 S. C. 507; 87 S. C. 244; 91 S. C. 161; 95 S. C. 180; 93 S. C. 149; 61 S. C. 17; 84 S. C. 1; 78 S. C. 505; 49 S. C. 413; 52 S. C. 537; 40 S. C. 37; 39 S. C. 350; 38 S. C. 31; 36 S. C. 534; 33 S. C. 100; 79 S. C. 526; 71 S. C. 136; 72 S. C. 350; 50 S. C. 299; 80 S. C. 386; 82 S. C. 321; 88 S. C. 98; 88 S. C. 165; 81 S. C. 374; 52 S. C. 539.

July 21, 1915.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The appeal involves a single question of law, and it is whether the Circuit Judge expressed in the presence of the jury an opinion upon the material facts of the case, when the defendant moved for the direction of a verdict. (Constitution 1895, art. V, sec. 26.)

The. Judge then said: "If the conductor had reasonable grounds to apprehend that he (meaning Clark Harris, the deceased) was going to get off the train, it would have been different. I think it is one of those cases where I had better let the jury pass on it. I have got some doubt about it, so I am going to leave it to the jury. It may be, however, that I have not caught some of the testimony in the case. Therefore, the motion is refused. Go to the jury."

It would serve no good purpose to review the cases which have already been decided under the provision of the Constitution which prohibits a Judge to "charge juries in respect to matters of fact." They speak for themselves.

In the instant case, if the Judge had simply denied the motion, and said nothing more, there could have followed but one inference, to wit, the Judge thought there was testimony tending to prove the plaintiff's case, and from which the jury might reasonably conclude a verdict for the plaintiff. Yet the Judge could surely have said that much, and in such a case the *plaintiff* manifestly could not complain.

The expression of doubt about the weight of plaintiff's proof, and the inference to be drawn from it, was no more than would have been the inference if the Judge had simply said the motion is refused. And it is not possible to tell by the reported expression upon which side the Judge inclined, if he inclined at all.

We are of the opinion that the expression was not unlawful; and the judgment is affirmed.